In this suit plaintiff seeks to recover from defendant the cost of a roof applied to plaintiff's dwelling house by the defendant in 1939. Plaintiff also seeks recovery of damages allegedly suffered by the interior of his home as the result of faulty application and defects in the roof.
Plaintiff's petition sets up as the basis for the action a guarantee which was furnished by defendant at the time of the application of the roof to plaintiff's dwelling house. The guarantee is dated October 6, 1939, and stipulates the obligations of defendant to maintain the roof and flashings in a water-tight condition, or to stop, at defendant's expense, any leaks that may develop in the roof due to defective materials or labor within the period of ten years from October 6, 1939, during which period the guarantee remains in effect.
After trial in the lower Court judgment was rendered in favor of plaintiff in the sum of $76.14, which amount represented the cost of the installation of the roof. Plaintiff's claims for other damages were rejected.
Defendant has filed in this Court a plea of prescription and an exception of no cause or right of action.
The exception of no cause or right of action is predicated upon the contention that the guarantee which is the basis of plaintiff's suit limits defendant's obligations to the maintenance of the roof in a water-tight condition, and to the repair of leaks, due to defective materials or labor, which might develop during the period of the guarantee.
It is argued that the guarantee which is the basis of plaintiff's suit does not support the claims for the return of the cost of the roof and damages allegedly caused by the defective condition of the roof.
After consideration of the pleadings and evidence, we are of the opinion that defendant's argument in support of the exception is sound, and that the exception should be sustained.
Where a guarantee by its express terms obligates a seller to correct defects resulting from inferior quality of roofing materials, or from improper application thereof, such a guarantee will not support an action for the recovery of cost and for resultant damages. An exception of no cause of action filed in the Appellate Court is sufficient to reach the defects disclosed by the record.
Accordingly, there is judgment sustaining defendant's exception of no cause of action filed in this Court and dismissing plaintiff's suit with all costs of both courts.